(120 P.3d 799)
No. 92,503

MICHELE D. BURCH, Individually and as the Parent, Natural Guardian, and Next Friend of GEORGIA J. BURCH and GRACE E. BURCH, Minors, *Appellants*, v. MICHELE D. BURCH, in her Capacity as Administrator of the Estate of DARRELL G. BURCH, Deceased, and the Estate of DARRELL G. BURCH, Deceased, *Appellees*.

Opinion filed October 7, 2005.

*Timothy J. King*, of Speth & King, of Wichita, for the appellants.

*Stanford J. Smith, Jr.*, and *W. Rick Griffin*, of Martin, Pringle, Oliver, Wallace & Bauer, L.L.P., of Wichita, for the appellees.

Before PIERRON, P.J., CAPLINGER, J., and BUKATY, S.J.

PIERRON, J.: In this personal injury lawsuit involving an automobile and deer accident, Michele D. Burch, individually and as the parent of Georgia and Grace Burch (collectively Plaintiffs), appeals the district court's granting of a directed verdict in favor of Michele D. Burch, in her capacity as administrator of the estate of her deceased husband and the Estate of Darrell Burch (collectively Defendants). The Plaintiffs argue the court erred in taking

the case away from the jury by granting a directed verdict because there was evidence sufficient to find Darrell was negligent in his operation of the vehicle. We disagree and affirm.

Darrell and Michele Burch and their 5- and 6-year-old daughters, Georgia and Grace, returned from a week-long vacation in Cabo San Lucas to Denver International Airport the night of November 23, 2000. On the trip from Denver to their home in Augusta, Kansas, Darrell was driving east on I-70 when their vehicle hit a deer at approximately 2:15 a.m. on November 24. At the time, Michele, Georgia, and Grace were lying down in the back of the vehicle asleep. All four occupants were ejected from the vehicle. Darrell was killed. There were no witnesses to the accident. The first people to the scene reported they had only seen the vehicle flip. The police accident report stated as follows:

"Vehicle no. 1 was Eastbound on I-70 in the area of mile post 200.5 when it struck a deer then entered the median and rolled one complete time ejecting all occupants. The vehicle came to rest on its wheels facing South in the median as indicated in the diagram.

"No sign of alcohol or drugs at the scene or in the vehicle. Blood was drawn from the driver.

"The driver was dead at the scene. It appeared that he was partially ejected, rolled on by the vehicle then ejected completely. The wife and two little girls were ejected also. They were transported to Russell Regional Hospital and then to Wichita via ambulance.

"There were no skidmarks at the scene only one scuff mark prior to vehicle entering the median. Debris from vehicle no. 1 was located on the shoulder of the road where the deer was found in the South ditch.

"The witness listed was westbound and saw the vehicle rolling—He was first person on the scene.

"Exact point of impact where vehicle no. 1 struck deer could not be determined, but was estimated by blood spots on the roadway to be eastbound driving lane about 403 feet west of where vehicle no. 1 came to rest."

Michele, on behalf of herself and her two daughters, filed a negligence lawsuit against Darrell's estate and Michele as administrator of the estate. Michele was the only witness to testify. The parties stipulated to the police accident report, and it was the only evidence presented concerning the accident. At the close of the Plaintiffs' case, the trial court granted a directed verdict in favor of

the Defendants. The trial court concluded there was no evidence of negligence on Darrell's part such as would warrant the case to proceed to the jury for deliberation.

The Plaintiffs appeal.

The Plaintiffs argue there was sufficient evidence to allow the jury to decide the case and the district court erred in granting a directed verdict to the Defendants.

" 'When ruling on a motion for directed verdict, the trial court is required to resolve all facts and inferences reasonably to be drawn from the evidence in favor of the party against whom the ruling is sought. Where reasonable minds could reach different conclusions based on the evidence, the motion must be denied. A similar analysis must be applied by an appellate court when reviewing the grant or denial of a motion for directed verdict.' [Citation omitted.]" *Wilkinson v. Shoney's, Inc.*, 269 Kan. 194, 202, 4 P.3d 1149 (2000).

The Plaintiffs argue there is evidence in the record that Darrell was negligent in his duty to keep his vehicle under control as would have enabled him to regulate his speed to stop or turn aside within the range of his headlights and also negligent in his duty to keep proper lookout for vehicles and objects in his line of vision which would have affected his use of the highway. The Plaintiffs rely on a couple of pieces of evidence from the accident report: (1) no skid marks at the scene; and (2) the vehicle left the roadway and entered the median. The Plaintiffs also argue Darrell may have been confronted with a sudden emergency, but the emergency was only one factor in determining whether Darrell's conduct was reasonable or whether he was negligent.

The directed verdict statute, K.S.A. 2004 Supp. 60-250(a)(1), provides:

"If during the trial by jury a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue, the court may determine the issue against that party and may grant a motion for judgment as a matter of law against that party with respect to a claim or defense that cannot under the controlling law be maintained or defeated without a favorable finding on that issue."

The question of negligence is very fact sensitive. Each case's facts must be examined in context to determine it they are sufficient to prove negligence.

The ultimate determination of the presence or absence of negligence is left to the trier of fact. See *Sterba v. Jay*, 249 Kan. 270, 278, 816 P.2d 379 (1991). However, where no evidence is presented on a particular issue or the evidence presented is undisputed and it is such that the minds of reasonable persons may not draw differing inferences and arrive at opposing conclusions with reason and justice, the matter becomes a question of law for the court's determination. See *Sampson v. Hunt*, 233 Kan. 572, 578, 665 P.2d 743 (1983).

In *St. Clair v. Denny*, 245 Kan. 414, 781 P.2d 1043 (1989), a vehicle driven by plaintiff's decedent was struck by a vehicle that ran a stop sign. The collision killed both drivers. The intersection was uncongested, and both drivers had an unobstructed view of the intersection and oncoming traffic for approximately ¼ mile. Defense counsel contended that a reasonable person could find that the decedent failed to maintain a proper lookout or otherwise exercise due care under the circumstances, making the question of decedent's fault a matter for the jury's determination. The *St. Clair* court stated that the evidence did not show decedent was aware of the approaching vehicle and that the evidence that decedent had an unobstructed view of the intersection would not support a finding that she failed to keep a proper lookout. "There is no evidence that [decedent] failed to keep a proper lookout or that, assuming she did not, it was to any degree the proximate cause of the collision." 245 Kan. at 419. The *St. Clair* court stated:

"Although normally a determination of whether someone failed to keep a proper lookout would involve a question of fact to be decided by the jury, the evidence presented here is undisputed that the cause of this accident was Denny's failure to stop at the posted stop sign. Even viewing the evidence in the light most favorable to the defendants, as this court must do, the minds of reasonable persons could not differ in concluding that the cause of this accident was Denny's failure to stop, not [decedent's] failure to keep a proper lookout." 245 Kan. at 420.

In reviewing the evidence cited by the Plaintiffs, we find no evidence to support the inference that Darrell failed to maintain a proper lookout or that there existed some other negligence on his part. The additional evidence of no skid marks and the fact that the vehicle entered the median adds nothing to the evidence that

would allow a reasonable inference that Darrell was in any way negligent or failed to keep a proper lookout.

To reach the conclusion that Darrell was negligent requires a great amount of speculation. It is possible that the timing of the deer's movement and its location were such that no driver would have been able to stop or avoid it. Such accidents, without driver negligence of the type claimed here, are a regular occurrence in Kansas. Unless there is some evidence from which to infer that a nonnegligent driver could have avoided the accident, a jury could not reasonably choose one explanation over another for what the causes of this accident were. When there is no evidence to support a choice, the party with the burden of proof, in this case the Plaintiffs, has failed to meet its burden. The Plaintiffs did not meet their burden of proof.

Arguably, the facts in this case present a situation of an impossible burden of proof for the Plaintiffs to meet. That may very well be true due to the lack of witnesses. However, it would not be true in all cases of this type. In this case, for example, there might have been a witness in the Burch vehicle or even in a vehicle approaching or following the Burches' vehicle who could testify to having seen the deer well in advance and having been concerned that the vehicle did not appear to be slowing or taking evasive action. While unfortunate, it is true that not all plaintiffs can prove causation in all cases where it exists. Nonetheless, the legal analysis we apply requires that such proof be presented. It was not. The trial court was correct in its ruling.

Affirmed.