A96A1739. HENDRIX v. SEXTON.
(477 SE2d 881)

Judge Harold R. Banke.

Christopher Hendrix sustained injuries when the car in which he was a passenger rear-ended a truck parked on the side of the road. He sued the driver, Michael Berry Sexton, who successfully moved for summary judgment. On appeal, Hendrix enumerates one error, arguing that questions of fact regarding whether Sexton exercised ordinary care by failing to reduce his speed as he approached the intersection where the collision occurred precluded summary judgment.

To prevail on summary judgment, the moving party must show that no genuine issues of material fact remain to be tried and that the undisputed facts, viewed in the light most favorable to the non-movant, warrant summary judgment as a matter of law. *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). Viewed in that light, the record shows that the accident occurred at an intersection where a side street with a stop sign crossed a four-lane divided highway. As Sexton proceeded down the highway at or slightly below the posted speed limit of 50 mph, a car pulled out from the stop sign on Sexton's left and headed into his car. Even as Sexton moved into the right

lane, the car kept coming at him. To avoid a collision, Sexton swerved to the right off the road and into the rear of a parked truck. Both Sexton and Hendrix were injured.

During his deposition, Hendrix testified that Sexton was driving safely and had good control over the car that night. He also admitted there was nothing else Sexton could have done to avoid the accident or the vehicle other than to pull off the road. Hendrix answered in the negative when asked if Sexton had done anything wrong relative to the accident. *Held*:

Although issues of negligence are generally left to the jury, in cases where the alleged negligent conduct is susceptible to only one inference, the question becomes a matter of law for the court to determine. *Douse v. Smith*, 186 Ga. App. 166 (366 SE2d 791) (1988) (physical precedent only under Court of Appeals Rule 33 (a)); *Lewis v. Duggan*, 184 Ga. App. 563, 565 (1) (362 SE2d 73) (1987). We reject Hendrix's contention that the evidence would have supported the inference that Sexton violated OCGA § 40-6-180 by failing to reduce his speed as he approached and entered the intersection. The undisputed evidence indicates that Sexton had the right of way and the other car simply drove into his path. *Douse v. Smith*, 186 Ga. App. 166, supra. As Hendrix himself admitted, Sexton could have done nothing else to avoid the oncoming car. Because the record contains no evidence of Sexton's negligence, Hendrix's testimony that Sexton was not negligent authorized summary judgment. See *Washington v. Washington*, 181 Ga. App. 848, 849 (354 SE2d 25) (1987).

*Judgment affirmed. Johnson and Ruffin, JJ., concur.*

DECIDED NOVEMBER 5, 1996.

*William L. Skinner*, for appellant.
*Chambers, Mabry, McClelland & Brooks, Lawrence J. Hogan, Charles G. Ragsdale*, for appellee.