## A04A1800. McQUAIG v. TARRANT.
(603 SE2d 751)

PHIPPS, Judge.

Jamie McQuaig brought this suit against Ethel Hall and Tatum Tarrant to recover damages for injuries received in an automobile collision. McQuaig claims that the collision occurred as a result of the combined negligence of Hall and Tarrant. Tarrant moved for summary judgment on the ground that Hall's negligence was the sole proximate cause of the collision. McQuaig appeals the trial court's grant of Tarrant's summary judgment motion. Finding no error, we affirm.

At the time of the collision, Tarrant was driving south on a two-lane highway known as Bowens Mill Road in Douglas, Georgia. McQuaig was a front seat passenger. At the same time, Hall was driving east on Kellogg Drive toward the intersection of Bowens Mill Road and Kellogg Drive. That intersection is governed by a stop sign requiring drivers on Kellogg Drive to cede the right of way to drivers on Bowens Mill Road. At the intersection, Hall brought her car to a complete stop and then began to make a left turn onto Bowens Mill Road.

Hall testified that before starting the turn, she saw a southbound truck on Bowens Mill Road approaching the intersection. In Hall's words, "I seen the truck way down the road." According to Hall, the truck put on its blinker signaling a right turn onto Kellogg Road. Hall testified that after the truck began to make its turn, she began to make her left turn onto Bowens Mill Road because she saw no other traffic. Her car was then struck by Tarrant's car. Hall testified that she did not see Tarrant's car because it was following so closely behind the truck. As soon as Hall saw Tarrant's car, she accelerated her car in order to get out of Tarrant's lane. Tarrant's car, however, struck the rear driver's side door of Hall's car.

Tarrant testified that she was driving within the speed limit and that, although there was a truck ahead of her at one point, it made a left turn into a mobile home park "about ten car lengths" before the intersection of Bowens Mill Road and Kellogg Drive. Tarrant testified that as she was approaching the intersection, there were no vehicles in front of her, and that she could see Hall's car at the stop sign. Tarrant testified that after Hall had driven into the intersection prematurely, she (Tarrant) tried to avoid the collision by slamming on her brakes as hard as she could. She further testified that she could not veer to avoid the collision because of oncoming traffic on the left and a ditch on the right.

McQuaig testified that she was talking to Tarrant at the time of the collision and did not remember anything about it except that

Tarrant hit the brakes hard. McQuaig could not specify how Tarrant could have avoided the collision. McQuaig testified, "I just know the accident happened. . . . [I]t could be both people's fault."

> To state a cause of action for negligence in Georgia, a plaintiff must show (1) a legal duty to conform to a standard of conduct raised by law for the protection of others against unreasonable risks of harm; (2) a breach of this standard; (3) a legally attributable causal connection between the conduct and the resulting injury; and (4) loss or damage to plaintiff['s] legally protected interest resulting from the breach. [Cit.][1]

It is, however, axiomatic

> "that the mere fact that an accident happened and the plaintiff may have sustained injuries or damages affords no basis for recovery against a particular defendant unless the plaintiff carries the burden of proof and shows that such accident and damages were caused by specific acts of negligence on the part of that defendant." [Cit.][2]

> Under our law, to prevail at summary judgment the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law. A defendant may do this by showing the court that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of plaintiff's case. If there is no evidence sufficient to create a genuine issue as to any essential element of plaintiff's claim, that claim tumbles like a house of cards. All of the other disputes of fact are rendered immaterial.[3]

There is no evidence that Tarrant exceeded the posted speed limit or drove at a speed greater than was reasonable and prudent under the circumstances.[4] Indisputably, she was driving on the

---

[1] *Shortnacy v. North Atlanta Internal Medicine*, 252 Ga. App. 321, 325 (2) (556 SE2d 209) (2001).

[2] *Cromer v. Hodges*, 216 Ga. App. 548, 549 (1) (455 SE2d 94) (1995).

[3] (Citations, punctuation and emphasis omitted.) *Harrison v. Golden*, 219 Ga. App. 772, 773-774 (2) (466 SE2d 890) (1996).

[4] See *Stokes v. Cantrell*, 238 Ga. App. 741 (520 SE2d 248) (1999).

proper side of the road.[5] And because Tarrant had the right of way at the intersection, she was entitled to assume that Hall would obey the rules of the road and yield the right of way even though she saw Hall's vehicle approaching.[6] The uncontradicted evidence shows that Hall drove into Tarrant's path, and there is no evidence of anything Tarrant could have done to avoid the collision.[7] The only evidence of any negligence by Tarrant is found in Hall's testimony that she was following too closely behind a truck traveling in front of her at the time of the collision.[8] But even assuming that to be true, the record is entirely devoid of any evidence that Tarrant's following too closely behind the truck obscured Hall's view of the traffic on the road in such a way as to have prevented her from seeing Tarrant's car traveling behind the truck from "way down the road" until the truck began to make its turn at the intersection.

> Guesses or speculation which raise merely a conjecture or possibility are not sufficient to create even an inference of fact for consideration on summary judgment. A plaintiff must introduce evidence which affords a reasonable basis for the conclusion that it is more likely than not that the conduct of the defendant was a cause in fact of the result.[9]

And even if Hall's view of Tarrant's car was obscured, Hall was obligated to wait until she could see whether traffic had cleared before she drove her car into the intersection. We thus find that McQuaig has not met her burden of proof because she has failed to establish essential elements of her case against Tarrant: breach of duty *and* causation.[10]

As authority in support of her argument that Tarrant was not entitled to summary judgment, McQuaig cites *Thrash v. Rahn*,[11] *Gibson v. Carter*,[12] *Vaughan v. Glymph*,[13] and *Carter v. Ensley*.[14] McQuaig's reliance on these cases is misplaced. In *Carter* there was evidence from which a jury could have found that even though the defendant driver had a green light, he would not have hit the plaintiff

---

[5] See *Smith v. Thompson*, 173 Ga. App. 273 (326 SE2d 244) (1985) (physical precedent only).

[6] *Stokes*, supra.

[7] See *Hendrix v. Sexton*, 223 Ga. App. 466 (477 SE2d 881) (1996).

[8] See OCGA § 40-6-49.

[9] (Citations and punctuation omitted.) *Tuggle v. Helms*, 231 Ga. App. 899, 902-903 (2) (499 SE2d 365) (1998).

[10] Id. at 902.

[11] 249 Ga. App. 351 (547 SE2d 694) (2001).

[12] 248 Ga. App. 280, 281 (2) (545 SE2d 698) (2001).

[13] 241 Ga. App. 346 (526 SE2d 357) (1999).

[14] 222 Ga. App. 159 (473 SE2d 265) (1996).

pedestrian in a cross walk had he not failed to operate his vehicle with due care by driving too fast for conditions. Similarly, in *Gibson* and *Vaughan*, a jury could have found that the defendant drivers failed to control their vehicles within their lanes by driving too fast for conditions during inclement weather. The defendant driver in *Thrash* was making a left turn when his car was hit by a car driven by plaintiff in the opposite direction. A verdict in favor of the defendant was authorized, as the jury could have found that plaintiff was guilty of contributory negligence because he should have seen the defendant in time to avoid the collision. In this case, it appears without dispute that after Hall drove her car into the intersection, the collision became unavoidable.

*Judgment affirmed. Smith, C. J., and Johnson, P. J., concur.*

DECIDED AUGUST 24, 2004 — 

*Bryant H. Bower, Jr., Berrien L. Sutton*, for appellant.
*Whelchel, Brown, Readdick & Bumgartner, John E. Bumgartner, Laura E. Roberts*, for appellee.