A06A2393. PURVIS et al. v. STEVE.

(643 SE2d 380)

SMITH, Presiding Judge.

In October 2002, Berrien County Deputy Sheriff Wayne Purvis, Jr.'s patrol car collided with a deer, apparently causing the deer's severed head to strike Nichole Francis Truett through the windshield of her oncoming vehicle. Truett died of her resulting injuries, and Jacqueline Steve, as administrator of Truett's estate, filed a wrongful death action against Purvis, in his individual and official capacities, and against Berrien County. Following our grant of their application for interlocutory appeal, Purvis and the county appeal from the trial court's denial of their motion for summary judgment. We reverse because Purvis and the county have demonstrated that there is no genuine issue of material fact as to any of Steve's claims.

"To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law." *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). On appeal from the grant or denial of summary judgment, "we view the evidence and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant." (Citation and footnote omitted.) *Snellgrove v. Hyatt Corp.*, 277 Ga. App. 119, 119-120 (625 SE2d 517) (2006). So viewed, the evidence shows that on the evening of October 28, 2002, Purvis was dispatched from the Berrien County jail on a nonemergency call. As Purvis and Truett approached each other in opposite lanes of County Road 365, a deer ran in front of Purvis's patrol car. The front driver's side of Purvis's car hit the deer, propelling the head and neck of the deer through the windshield of Truett's vehicle and causing the deer's antler to pierce Truett's head. Truett's car ran off the road and down a firebreak line into the woods. Purvis stopped his car in a ditch on the side of the road.

Purvis did not see what happened to Truett's vehicle. The two cars were nearly side by side at the time of the collision, and Purvis was unsure if the other car also hit the deer or if the car kept going. While Purvis was calling his dispatch to let them know he hit a deer, Delma Moody stopped and asked Purvis if he needed help. Purvis told Moody that he "was sure there was another car," and he asked her to check to see if there was another vehicle on the side of the road around the curve. Moody drove down the highway and did not see a second car, although she did see part of a deer in the ditch on the side of the road opposite from Purvis's vehicle.

Deputy Larry Tabor responded to Purvis's call that he had hit a deer. Tabor radioed Purvis while he was en route, and Purvis told Tabor that he was passing an oncoming car at the time of the collision. He asked Tabor to be on the lookout for anyone who had been run off the road. After Tabor arrived, two members of the Hillhouse family arrived at the scene, and Purvis, Tabor, and the Hillhouses searched for the deer using flashlights. They found the deer's body, but not the neck and the head. Because the deputies did not see another vehicle or debris from another vehicle, Purvis and Tabor concluded that the passing car had not been involved in the collision.

Later that evening, Truett's boyfriend called the Berrien County Sheriff's Department twice to ask if Truett had been arrested. He called a third time and informed the dispatcher that Truett had gone to the store and had not returned. The dispatcher forwarded the call to Tabor, who decided to go back to the scene of the collision. As he was driving slowly with the windows down, Tabor heard what sounded like a chirping bird. He shined his flashlight in the direction of the sound and saw the reflection of a tail light. He walked into the woods where he found Truett's vehicle with the radio on, the windshield wipers operating, and the driver's side window rolled down. The deer's head and part of the deer's shoulder were on the back seat floorboard. Truett was also in the car, alive but unresponsive due to her injuries. She was taken to the hospital but died approximately two weeks later.

1. Steve claims that Purvis, while acting in his capacity as an employee of the Berrien County Sheriff, negligently collided with the deer thereby causing Truett's injuries (the "motor vehicle claim").[1] "It is well established that to recover for injuries caused by another's negligence, a plaintiff must show four elements: a duty, a breach of

---

[1] In light of OCGA § 33-24-51 and an implied admission that the county purchased automobile liability insurance, Purvis and the county concede that sovereign immunity does not bar Steve's motor vehicle claim.

that duty, causation and damages." (Citation and punctuation omitted.) *Royal v. Ferrellgas, Inc.*, 254 Ga. App. 696, 698 (1) (a) (563 SE2d 451) (2002). "The trial court can conclude as a matter of law that the facts do or do not show negligence on the part of the defendant or the plaintiff only where the evidence is plain, palpable and undisputable." (Citation and punctuation omitted.) *Munroe v. Universal Health Svcs.*, 277 Ga. 861, 864 (2) (596 SE2d 604) (2004).

Steve contends that there is evidence that Purvis breached his duty of care by failing to take proper evasive action to avoid the deer. Relevant to this contention, Purvis averred that he could not and did not see the deer before the collision, and in his deposition Purvis states that he did not see the deer until it was hitting his car. Steve relies on evidence that Purvis told Moody that he had "swerved trying to miss the deer and got in the ditch." Evidence that Purvis had tried to avoid the deer but was unsuccessful, however, does not show that he failed to take proper evasive action. "Negligence is not to be presumed, but is a matter for affirmative proof. In the absence of affirmative proof of negligence, we must presume performance of duty and freedom from negligence." (Citation and punctuation omitted.) *Neal v. Miller*, 194 Ga. App. 231, 232 (390 SE2d 125) (1990) (directed verdict for defendant affirmed when plaintiff bicyclist "shot out" of blind drive into street, and defendant could not stop in time to avoid him).

Steve also contends that the evidence shows Purvis was traveling too fast for conditions. Purvis stated that the highway speed limit was 55 mph, that he was likely traveling up to 55 mph, and that he was traveling a normal rate of speed in light of conditions. Purvis recalled that it was "dusk dark," that his lights were on, and that the weather was clear, without any rain or drizzle. Truett's car was found with its driver's side windows rolled down and the lights off, and Tabor testified that he recalled no rain that evening.

Steve, relying on Moody's averment that "I was driving slowly because it was raining hard at the time," and the fact that Truett's car was found with the windshield wipers operating, contends that a jury could nevertheless conclude that Purvis was driving too fast for conditions in light of the weather. See OCGA § 40-6-180 ("every person shall drive at a reasonable and prudent speed . . . when special hazards exist . . . by reason of weather or highway conditions"). But there is no evidence that any alleged breach of duty on the part of Purvis caused Truett's injuries. Even if some circumstantial evidence was presented, though contradicted, that it was raining at the time of the collision, it is purely a matter of speculation whether it was raining so hard immediately before the collision that Purvis, although traveling within the speed limit, was not traveling at a reasonable and prudent speed. "[A]n inference cannot be based upon

evidence which is too uncertain or speculative or which raises merely a conjecture or possibility." (Citations and punctuation omitted.) *Cohen v. Hartlage*, 179 Ga. App. 847, 851 (348 SE2d 331) (1986).

Furthermore, given the uncontradicted evidence that the deer ran directly into the path of Purvis's vehicle and the absence of evidence that the collision could have been avoided by a driver who drove at an unspecified lower speed, Steve does not establish a reasonable basis for a trier of fact to conclude that Purvis's alleged negligence was a cause in fact of the collision. "No matter how negligent a party may be, if [his] act stands in no causal relation to the injury, it is not actionable." (Citations and punctuation omitted.) *Finney v. Machiz*, 218 Ga. App. 771, 773 (463 SE2d 60) (1995). "A plaintiff must introduce evidence which affords a reasonable basis for the conclusion that it is more likely than not that the conduct of the defendant was a cause in fact of the result. A mere possibility of such causation is not enough." (Citation and punctuation omitted.) *Tuggle v. Helms*, 231 Ga. App. 899, 902-903 (2) (499 SE2d 365) (1998). See, e.g., *McQuaig v. Tarrant*, 269 Ga. App. 236, 239 (603 SE2d 751) (2004) (summary judgment to defendant affirmed where no dispute that, once other driver drove into intersection, collision with defendant's car became inevitable); *Burch v. Burch*, 34 Kan. App.2d 506, 510 (120 P3d 799) (2005) (without evidence that nonnegligent driver could have avoided deer, jury could not reasonably choose driver's negligence as cause of collision).

The sole proximate cause of the accident was the deer's sudden appearance in the roadway, which was not foreseeable or avoidable by Purvis and was the cause of Truett's injuries. *Finney*, supra, 218 Ga. App. at 773. Because the evidence failed to establish a material issue of fact, Purvis and the county were entitled to summary judgment on Steve's motor vehicle claim.

2. Steve also claims that Purvis failed to report an accident with another vehicle and failed to render aid as required by law, causing Truett's injuries to become more severe and ultimately lead to her death (the "post-collision claims").[2] We disagree because there is no evidence from which a jury could conclude that Purvis failed to fulfil his duties to render aid and to report the accident.[3]

OCGA § 40-6-270, the "hit and run" statute, requires that the driver of a vehicle involved in an accident resulting in injury shall,

---

[2] Steve abandoned her third claim, which was that the county failed to investigate numerous missing persons calls.

[3] Purvis and the county argue that Steve's post-collision claims (i) are barred by sovereign immunity to the extent asserted against the county and against Purvis in his official capacity, and (ii) are barred by official immunity to the extent asserted against Purvis in his individual capacity. In view of our findings, however, we need not reach these issues.

among other things, stop and "[r]ender to any person injured in such accident reasonable assistance, including the transporting, or the making of arrangements for the transporting, of such person to a physician, surgeon, or hospital for medical or surgical treatment. . . ." OCGA § 40-6-270 (a) (3). In this case, Purvis did not hit and run. He stopped and then asked Moody and Tabor to look for a second vehicle. After a second vehicle could not be located, Purvis and Tabor then considered the absence of debris from anything other than the deer before deciding to leave the scene. The evidence cannot support the conclusion that Purvis failed to stop and afford reasonable assistance within the meaning of OCGA § 40-6-270 to an injured driver of whom he had no knowledge.

Turning to Purvis's duty to report, OCGA § 40-6-273 requires that a driver involved in an accident resulting in injury or death to any person or property damage of the apparent extent of $500 or more "by the quickest means of communication, give notice of such accident." If the accident occurs outside a municipality, the driver must notify the county sheriff's office or the nearest state patrol office. Id. In this case, Purvis used his radio to notify his dispatcher at the sheriff's office of the collision. Steve argues that Purvis was required to inform the sheriff's office that a second car was involved in the collision but only disclosed that he had hit a deer. But the statute imposes a duty to report the accident, not every detail of the accident. Furthermore, because of the initial report, Tabor, who worked for the sheriff's office, responded to the scene and was apprised of the possibility of a second vehicle. There is no evidence that Purvis breached the duty imposed by OCGA § 40-6-273.

In view of the foregoing, Purvis and the county were also entitled to summary judgment on Steve's post-collision claims.

*Judgment reversed. Ruffin and Phipps, JJ., concur.*

DECIDED MARCH 9, 2007 — 

*Brown, Readdick, Bumgartner, Carter, Strickland & Watkins,* Terry L. Readdick, Paul M. Scott, for appellants.
*Sherry S. Harrell,* for appellee.