A10A0275. HUNSUCKER et al. v. BELFORD.
(695 SE2d 405)

DOYLE, Judge.

Following the denial of their motion for summary judgment, defendants Jamie Ray and Marie Hunsucker filed this interlocutory appeal, contending that the trial court erred by concluding that material issues of fact remain as to Wanda Belford's claims against them for wrongful death and negligent entrustment. For the reasons that follow, we reverse.

> Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.[1]

So viewed, the record shows that shortly after 8:00 on an evening in February 2008, Jamie Ray Hunsucker left his son's birthday party to drive three children home. By that time of the evening, it was dark, and there was "misting" rain. Less than a mile into the journey, Hunsucker crested a hill traveling at the 45 mph speed limit and immediately "caught a glimpse" of a pedestrian, Randy Belford, stepping into Hunsucker's lane of travel from the

---

[1] *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

middle of the road. Hunsucker's car collided with Belford, killing him. As a result of the collision, the car's windshield was broken, the steering wheel was bent, and Hunsucker's wrist was injured.

Surviving spouse Wanda Belford filed a wrongful death claim against Jamie Ray Hunsucker and a negligent entrustment claim against his mother, Marie Hunsucker, with whom Jamie lived and whose car he was driving. The Hunsuckers unsuccessfully moved for summary judgment, and after the trial court entered a certificate of immediate review, we granted the Hunsuckers' application for interlocutory review.

1. The Hunsuckers contend that the trial court erred by concluding that material issues of fact remain as to whether Jamie was negligent by driving too fast for conditions, not keeping a proper lookout, and failing to avoid hitting Belford. We agree.

> To state a cause of action for negligence in Georgia, a plaintiff must show (1) a legal duty to conform to a standard of conduct raised by law for the protection of others against unreasonable risks of harm; (2) a breach of this standard; (3) a legally attributable causal connection between the conduct and the resulting injury; and (4) loss or damage to plaintiff's legally protected interest resulting from the breach.[2]

Under our law, a defendant may prevail at summary judgment by demonstrating "that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law."[3] This may be done "by showing the court that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of plaintiff's case."[4] "If there is no evidence sufficient to create a genuine issue as to any essential element of plaintiff's claim, that claim tumbles like a house of cards. All of the other disputes of fact are rendered immaterial."[5] "Although issues of negligence are generally left to the jury, in cases where the alleged negligent conduct is susceptible to only one inference, the question becomes a matter of law for the court to determine."[6]

---

[2] (Punctuation omitted.) *McQuaig v. Tarrant*, 269 Ga. App. 236, 237 (603 SE2d 751) (2004).

[3] (Punctuation omitted.) Id.

[4] Id. See also OCGA § 9-11-56 (c).

[5] (Punctuation omitted.) *McQuaig*, 269 Ga. App. at 237.

[6] *Hendrix v. Sexton*, 223 Ga. App. 466, 467 (477 SE2d 881) (1996).

Here, Wanda Belford offered no evidence other than daytime photographs of the road taken after the collision. In her attempt to survive summary judgment, Belford relied upon Hunsucker's deposition testimony to argue that the facts revealed therein, including the damage to the vehicle, demonstrated a jury question as to Hunsucker's negligence. However, in uncontroverted testimony, Hunsucker averred that, upon cresting the hill and seeing Randy Belford, he had no time to react because "there was no distance much at all" between his car and the pedestrian. Hunsucker estimated that he was traveling 45 mph, which was the speed limit alleged by Belford.[7] Hunsucker's accident reconstruction expert examined the vehicle and roadway and concurred with Hunsucker's speed estimate. The expert further averred that, based on the conditions that night, Hunsucker would have had .576 seconds to react after seeing the pedestrian, which he opined is not enough time to take evasive action. Although it was dark and misting rain, there is no evidence that Hunsucker was inattentive or unable to safely navigate the roadway itself.

The only evidence as to Hunsucker's manner of driving was that he drove within the alleged speed limit on a familiar road at night in mist and, after cresting a hill, could not avoid a black-clothed pedestrian stepping into his lane. However,

> the mere fact that an accident happened and the plaintiff may have sustained injuries or damages affords no basis for recovery against a particular defendant unless the plaintiff carries the burden of proof and shows that such accident and damages were caused by specific acts of negligence on the part of that defendant.[8]

"Negligence is not to be presumed, but is a matter for affirmative proof. In the absence of affirmative proof of negligence, we must presume performance of duty and freedom from negligence."[9] Likewise,

> [g]uesses or speculation which raise merely a conjecture or possibility are not sufficient to create even an inference of fact for consideration on summary judgment. A plaintiff must introduce evidence which affords a reasonable basis for the conclusion that it is more likely than not that the

---

[7] The record does not otherwise establish the posted speed limit.

[8] (Punctuation omitted.) *Cromer v. Hodges*, 216 Ga. App. 548, 549 (1) (455 SE2d 94) (1995). See also *McQuaig*, 269 Ga. App. at 237.

[9] (Punctuation omitted.) *Purvis v. Steve*, 284 Ga. App. 116, 118 (1) (643 SE2d 380) (2007).

conduct of the defendant was a cause in fact of the result. A mere possibility of such causation is not enough.[10]

Belford offered no evidence affording a reasonable basis to conclude that negligent driving caused the collision.[11] Accordingly, we conclude that the trial court erred in denying summary judgment to Jamie Ray Hunsucker.[12]

2. Because Belford's negligent entrustment claim against Marie Hunsucker is necessarily premised on negligence by the driver to whom she entrusted her car, we also reverse the denial of summary judgment as to Marie Hunsucker.[13]

*Judgment reversed. Andrews, P. J., and Ellington, J., concur.*

DECIDED MAY 14, 2010 —
RECONSIDERATION DENIED MAY 27, 2010 — 

*McClure, Ramsay, Dickerson & Escoe, John A. Dickerson, Larry L. Hicks II*, for appellants.
*William S. Hardman*, for appellee.

---

[10] (Citation and punctuation omitted.) *Tuggle v. Helms*, 231 Ga. App. 899, 902-903 (2) (499 SE2d 365) (1998).

[11] We find distinct *Thompson v. Walker*, 162 Ga. App. 292, 292 (290 SE2d 490) (1982), relied upon by Belford, which found a factual issue in a similar scenario based on the evidence that there was nothing obstructing the defendant's view on a "straight and almost level" road.

[12] Cf. *Tallman Pools of Ga. v. James*, 181 Ga. App. 341, 343 (352 SE2d 179) (1986) (physical precedent only).

[13] See *Alamo Rent-A-Car v. Hamilton*, 216 Ga. App. 659, 660 (455 SE2d 366) (1995) ("to recover under this theory, an owner's negligence *must concur*, as part of the proximate cause, *with the negligent conduct of the driver* on account of his incompetency and recklessness") (punctuation omitted; emphasis supplied).