A10A2083. WERNER ENTERPRISES, INC. et al. v. LAMBDIN.
(706 SE2d 185)

SMITH, Presiding Judge.

In this automobile accident case, Werner Enterprises, Inc. and David Bates ("the Werner defendants") appeal from the trial court's

YALE LAW LIBRARY

denial of their motion for summary judgment on Alice Lambdin's negligence claim. We granted the Werner defendants' application for interlocutory review. Because summary judgment is appropriate here, we reverse.

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. OCGA § 9-11-56 (c). On appeal from the grant or denial of summary judgment, we apply a de novo standard of review, and view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant. *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991); *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

So viewed, the evidence showed that Lambdin was driving on a section of Interstate 75 that was undergoing construction. It was early morning and still dark outside. Lambdin was traveling in the far left lane which had no shoulder as a result of the construction. A tractor-trailer driven by Bates was traveling in the lane to the right of Lambdin, and a witness, Christopher Wright, was traveling immediately behind Lambdin. Wright deposed that Lambdin's two driver's side tires "dropped off the side of the road" to the left where there was only six to seven inches of pavement. He slowed down to give Lambdin time to return to the roadway. Lambdin then overcorrected and abruptly came across her own lane of traffic and into the next lane to the right where her vehicle struck Bates's tractor-trailer. Wright stated that Bates did nothing to cause the collision.

Bates deposed that Lambdin lost control of her vehicle and collided with his tractor-trailer. He stated that he was driving within the posted speed limit and that Lambdin sped up as she passed him just before the collision. Lambdin was severely injured and upon recovery had no recollection of the accident.

Lambdin sued Bates and his employer Werner Enterprises alleging, among other things, that Bates was negligent and that Werner Enterprises was liable under the theory of respondeat superior for its negligent hiring, supervision and retention of Bates. The Werner defendants moved for summary judgment, and the trial court granted their motion with respect to Lambdin's claims of negligent hiring, supervision and retention, but found that issues of material fact remained as to whether Bates was negligent and whether such negligence could be imputed to Werner Enterprises.

On appeal, the Werner defendants contend that there is no evidence that Bates was negligent. Lambdin argues only that Bates was negligent because he had a history of speeding and had received numerous traffic tickets. But she presented no evidence to contradict the deposition testimony of both Bates and Wright that Bates was

not speeding on this occasion.

> An inference cannot be based on evidence which is too uncertain or speculative or which raises merely a conjecture or possibility. A finding of fact which may be inferred but is not demanded by circumstantial evidence has no probative value against positive and uncontradicted evidence that no such fact exists.

(Citations and punctuation omitted.) *Butler v. Huckabee*, 209 Ga. App. 761, 762 (2) (434 SE2d 576) (1993) (suggestion by plaintiff who had no memory of impact that defendant must have been speeding was not supported by evidence).

The evidence here shows only that Lambdin struck Bates's tractor-trailer because she overcorrected after leaving the roadway.

> It is well established that negligence may not be presumed, but must be affirmatively proven, and in the absence of such proof, we must presume performance of duty and freedom from negligence. Moreover, the mere fact that a vehicle is struck by another vehicle does not establish liability on the driver of either vehicle.

(Citations, punctuation and footnotes omitted.) *Davis v. Sykes*, 265 Ga. App. 375, 375-376 (1) (593 SE2d 859) (2004). In this case, the Werner defendants have shown that there is an absence of evidence to support Lambdin's negligence claim. See *Butler*, supra, 209 Ga. App. at 762-763 (2). And Lambdin has pointed to no specific evidence giving rise to a triable issue. Id.; see also *Lau's Corp.*, supra, 261 Ga. at 491. The Werner defendants were therefore entitled to judgment as a matter of law, and the trial court erred in denying their motion for summary judgment on this ground.

*Judgment reversed. Mikell and Adams, JJ., concur.*

DECIDED FEBRUARY 11, 2011.

*Dennis, Corry, Porter & Smith, Grant B. Smith, Zachary S. Shewmaker*, for appellants.

*Allman & Peters, James P. Peters*, for appellee.