**SECOND DIVISION**
**BARNES, P. J.,**
**ADAMS and MCFADDEN, JJ.**

NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**September 21, 2012**

# In the Court of Appeals of Georgia

A12A0899. MOORE v. CAMARA et al.

McFADDEN, Judge.

Justin Keith Moore appeals the summary judgment granted to his uninsured motorist carrier and Sekou Camara in this personal injury action. Because Moore has pointed to no specific evidence that Camara was negligent, we affirm.

Summary judgment is due to be granted when the moving party has

> demonstrat[ed] that there is no genuine issue of material fact, so that the party is entitled to judgment as a matter of law. A defendant may do this by either presenting evidence negating an essential element of the plaintiff's claims or establishing from the record an absence of evidence to support such claims. Thus, the rule with regard to summary judgment is that a defendant who will not bear the burden of proof at trial need not affirmatively disprove the nonmoving party's case, but may point out by reference to the evidence in the record that there is an absence of evidence to support any essential element of the nonmoving party's

case. Where a defendant moving for summary judgment discharges this burden, the nonmoving party cannot rest on its pleadings, but rather must point to specific evidence giving rise to a triable issue.

(Citations and punctuation omitted.) *Cowart v. Widener*, 287 Ga. 622, 623 (1) (a) (697 SE2d 779) (2010). See also OCGA § 9-11-56 (c).

"A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant." (Citation omitted.) *Hunsucker v. Belford*, 304 Ga. App. 200 (695 SE2d 405) (2010). Viewed in a light most favorable to Moore as the nonmovant, the record shows that at about 10 p.m. on the evening of September 23, 2008, Moore was walking along the right shoulder of Interstate 16. Camara was driving on Interstate 16 when he struck Moore. Moore broke his hand, his elbow, his ankle, his collarbone and his ribs in the accident. He also suffered a laceration on his head.

Moore does not remember how the accident happened; he remembers walking along the right shoulder of Interstate 16 and then waking up in an ambulance. He never saw Camara's car.

Camara heard something hit his driver's side window, but he did not know what, and he exited the highway at the next exit. He returned to the scene and called 911. He never saw Moore. Camara was driving within the speed limit with his headlights on, and there was no traffic.

The officer who responded to the accident testified that Moore told him he was attempting to cross the highway when Camara struck him. The officer found Moore's shoe in the middle of the road. Camara's driver's side mirror and driver's side window were damaged by the impact. The officer concluded that Moore misjudged the clearance and was distracted as he was crossing the highway, thus causing the accident. The officer cited neither Moore nor Camara.

The elements of a cause of action for negligence in Georgia are:

(1) A legal duty to conform to a standard of conduct raised by the law for the protection of others against unreasonable risk of harm; (2) a breach of this standard; (3) a legally attributable causal connection between the conduct and the resulting injury; and, (4) some loss or damage flowing to the plaintiff's legally protected interest as a result of the alleged breach of the legal duty. The mere fact that an accident happened and a plaintiff was injured affords no basis for recovery unless the plaintiff carries [his] burden of proof and shows that the accident was caused by specific acts of negligence of the defendant.

(Citations omitted.) *Berry v. Hamilton*, 246 Ga. App. 608, 608-609 (541 SE2d 428) (2000).

Moore has presented no evidence of specific acts of negligence of Camara. He argues that because the weather was clear, traffic was light and Camara had his headlights on, whether Camara was negligent is a jury question. But a jury would not be authorized to infer negligence because,

> [a]n inference cannot be based on evidence which is too uncertain or speculative or which raises merely a conjecture or possibility. A finding of fact which may be inferred but is not demanded by circumstantial evidence has no probative value against positive and uncontradicted evidence that no such fact exists. (Citations and punctuation omitted.) *Butler v. Huckabee*, 209 Ga. App. 761, 762 (2) (434 SE2d 576) (1993) (suggestion by plaintiff who had no memory of impact that defendant must have been speeding was not supported by evidence).

*Werner Enters. v. Lambdin*, 307 Ga. App. 813, 815 (706 SE2d 185) (2011). Moore's suggestion that Camara must have failed to exercise due diligence to avoid striking him is not supported by evidence. Because Moore points to no specific evidence in the record giving rise to a triable issue, we affirm. See *Cowart*, 287 Ga. at 623 (1) (a).

*Judgment affirmed. Barnes, P. J., and Adams, J., concur.*

4