**SECOND DIVISION
DOYLE, C. J.,
MILLER, P. J, and REESE, J.**

**NOTICE: Motions for reconsideration must be _physically received_ in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules**

**June 2, 2017**

# In the Court of Appeals of Georgia

A17A0512. POLITZER v. XIAOYAN et al.                    DO-021

DOYLE, Chief Judge.

Eva Emery Politzer sued Huang Xiaoyan and her underinsured motorist carrier, Travelers Casualty Company of America (collectively, "the defendants"), seeking to recover for injuries she sustained when she was struck by a vehicle driven by Xiaoyan. The trial court granted summary judgment to the defendants, and this appeal followed. We affirm, for the reasons that follow.

Summary judgment is due to be granted when the moving party has demonstrated that there is no genuine issue of material fact, so that the party is entitled to judgment as a matter of law. A defendant may do this by either presenting evidence negating an essential element of the plaintiff's claims or establishing from the record an absence of evidence to support such claims. Thus, the rule with regard to summary judgment is that a defendant who will not bear the burden of proof at trial need not

affirmatively disprove the nonmoving party's case, but may point out by reference to the evidence in the record that there is an absence of evidence to support any essential element of the nonmoving party's case. Where a defendant moving for summary judgment discharges this burden, the nonmoving party cannot rest on its pleadings, but rather must point to specific evidence giving rise to a triable issue.[1]

"A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant."[2]

So viewed, the record shows that on November 13, 2011, at approximately 7:30 p.m., Politzer went for a walk after returning home from a day of work. It was dark, and she was wearing black pants, a black t-shirt, a black jacket with white lettering, a black hat, and white tennis shoes. Politzer left her house, walked down Barfield Road, crossed over Hammond Drive at a cross-walk, and continued down Barfield until she reached Mount Vernon Highway, at which point she turned around and began walking back down Barfield toward her home. Politzer decided to cross

---

[1] (Punctuation omitted.) *Moore v. Camara*, 317 Ga. App. 651, 651-652 (732 SE2d 319) (2012), quoting *Cowart v. Widener*, 287 Ga. 622, 623 (1) (a) (697 SE2d 779) (2010). See also OCGA § 9-11-56 (c).

[2] (Citation and punctuation omitted.) *Hunsucker v. Belford*, 304 Ga. App. 200 (695 SE2d 405) (2010).

Hammond Drive again, but elected to do so outside of the cross-walk and intersection she had traversed a few minutes earlier, believing that it was unsafe to cross at the intersection because drivers "tend to fly through" it, the road was at an incline, visibility was limited, and she was unable to see oncoming traffic at the intersection.

Before crossing Hammond, Politzer stopped and looked while standing in the grass in a worn footpath; there was no sidewalk where she stood. She saw a single vehicle – Xiaoyan's – approaching with its headlights on; she was not sure how far away it was, but later recalled that it was "not too far," but "far enough away that [she] could get across [the road]." Politzer then crossed the first two lanes and stood in the median.[3] She looked in the direction of Xiaoyan and again saw his vehicle approaching. Nevertheless, she continued across the street, looking straight ahead; she was tired and "thinking about the next day and what she had to do," and she did not look again in Xiaoyan's direction. Politzer was not sure how fast Xiaoyan was traveling, but later stated that she would not have continued across the road if she thought he was speeding. Xiaoyan struck her when she was a few steps away from the other side of the road.

---

[3] Hammond Drive was a four-lane road with a flat median consisting of painted lines.

Police responded to the scene. The investigating officer noted in the police report that "[Politzer] was not crossing in a cross walk and darted in front of [Xiaoyan's] vehicle . . . when she was struck. [Xioayan] had the right of way and did not see [Politzer]." Xiaoyan was not cited; Politzer was cited for darting into traffic[4] and for unlawfully walking upon the roadway under the influence of alcohol.[5] Politzer later pleaded guilty to darting into traffic, and the other charge merged into it.

Travelers moved for summary judgment, and Xiaoyan joined the motion, arguing that there was no evidence that Xiaoyan was negligent; Politzer had assumed the risk of injury; and Politzer had failed to exercise ordinary care for her own safety. Following a hearing, the trial court granted the motion in a single-page order without specifying the basis for the ruling. This appeal followed.

1. As in initial matter, we address the parties' confusion regarding whether the trial court granted summary judgment to Xiaoyan as well as Travelers. As aforementioned, Xiaoyan joined Travelers's motion and adopted by reference the

---

[4] OCGA § 40-6-91 (b) ("No pedestrian shall suddenly leave a curb or other place of safety and walk or run into the path of a vehicle which is so close that it is impractical for the driver to yield.").

[5] OCGA § 40-6-95 ("A person who is under the influence of intoxicating liquor or any drug to a degree which renders [her] a hazard shall not walk or be upon any roadway or the shoulder of any roadway.").

4

related pleadings. In the order, styled "Order Granting Traveler[]s Insurance Company's Motions for Summary Judgment," the trial court noted that Xiaoyan joined the motion, which it then granted. Thus, the trial court granted summary judgment to both defendants.

2. Politzer argues that the trial court erred by granting summary judgment to the defendants on her negligence claim. We disagree.

> The elements of a cause of action for negligence in Georgia are: (1) A legal duty to conform to a standard of conduct raised by the law for the protection of others against unreasonable risk of harm; (2) a breach of this standard; (3) a legally attributable causal connection between the conduct and the resulting injury; and, (4) some loss or damage flowing to the plaintiff's legally protected interest as a result of the alleged breach of the legal duty. The mere fact that an accident happened and a plaintiff was injured affords no basis for recovery unless the plaintiff carries [his] burden of proof and shows that the accident was caused by specific acts of negligence of the defendant.[6]

---

[6] (Punctuation omitted.) *Moore*, 317 Ga. App. at 652-653, quoting *Berry v. Hamilton*, 246 Ga. App. 608, 608-609 (541 SE2d 428) (2000).

5

In *Moore v. Camara*,[7] the plaintiff was walking along the shoulder of a highway at 10:00 p.m. when he was struck by the defendant's vehicle.[8] The defendant never saw the plaintiff, he was not speeding, he had his headlights on, and there was no traffic in the area.[9] The plaintiff told the police officer who responded to the scene that he had been trying to cross the highway when he was hit, and "[t]he officer concluded that [the plaintiff] misjudged the clearance and was distracted as he was crossing the highway, thus causing the accident."[10] This Court affirmed the grant of summary judgment to the driver, concluding that

> a jury would not be authorized to infer negligence because an inference cannot be based on evidence which is too uncertain or speculative or which raises merely a conjecture or possibility. A finding of fact which may be inferred but is not demanded by circumstantial evidence has no probative value against positive and uncontradicted evidence that no such fact exists.[11]

---

[7] 317 Ga. App. at 651.

[8] See id. at 652.

[9] See id.

[10] See id.

[11] (Punctuation omitted.) Id. at 653, quoting *Butler v. Huckabee*, 209 Ga. App. 761, 762 (2) (434 SE2d 576) (1993), *Werner Enterprises. v. Lambdin*, 307 Ga. App. 813, 815 (706 SE2d 185) (2011).

Here, the evidence shows that Politzer, who was dressed in black clothing, crossed a major roadway at night outside of an available cross-walk, and there is no evidence that Xiaoyan was speeding, was violating any rules of the road, or saw her before striking her. And Politzer's "suggestion that [Xiaoyan] must have failed to exercise due diligence to avoid striking [her] is not supported by evidence. Because [Politzer] points to no specific evidence in the record giving rise to a triable issue, we affirm."[12]

---

[12] *Moore*, 317 Ga. App. at 653. See also *Tucker v. Love*, 200 Ga. App. 408, 409 (1) (408 SE2d 182) (1991) (finding that the defendant bus driver had no duty to discover the pedestrian plaintiff in the street because she entered the roadway after the bus had begun to move forward after discharging a passenger, and "there is no evidence whatsoever that [the] defendant could have, or should have, seen the victim running into a collision path with the [bus]") (punctuation omitted); *Johnson v. Ellis*, 179 Ga. App. 343, 344-345 (346 SE2d 119) (1986) (affirming the grant of a directed verdict because there was no evidence that the defendant driver, who had her headlights on and was traveling within the speed limit, "could have, or should have, seen" the plaintiff, who had been drinking, crossing a four-lane highway in a dimly lit interchange and colliding with her car). Compare *Fountain v. Thompson*, 252 Ga. 256, 257 (312 SE2d 788) (1984) (holding that a jury could find that a defendant driver was negligent in failing to discover the pedestrian, who had an illegal blood alcohol concentration and was lying prone on "a straight, clear, unobstructed section of highway" because the driver "could have seen the deceased well before hand and certainly in time to stop or evade him if he had been more observant").

7

3. Based on our holding in Division 2, we need not address whether Politzer assumed the risk of her injuries or failed to exercise ordinary care for her own safety.

*Judgment affirmed. Miller, P. J., and Reese, J., concur*.

8