**THIRD DIVISION**
**MCFADDEN, C. J.,**
**DOYLE, P. J., and HODGES, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed. Please refer to the Supreme Court of Georgia Judicial Emergency Order of March 14, 2020 for further information at (https://www.gaappeals.us/rules).

**April 30, 2020**

# In the Court of Appeals of Georgia

A20A0342. BELL v. STATE FARM MUTUAL AUTOMOBILE INS. CO.

MCFADDEN, Chief Judge.

Judah Bell was involved in an automobile collision with James Brown. She filed this action to recover damages for her injuries. She named "John Doe" as the defendant and served her uninsured motorist carrier, State Farm Mutual Automobile Insurance Co. The trial court granted State Farm's motion for summary judgment, and Bell appeals. We hold that because Bell cannot obtain even a nominal judgment against Brown, a condition precedent to the entry of judgment against State Farm, the trial court properly granted State Farm's motion for summary judgment. So we affirm.

Summary judgment is due to be granted when "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of

law." OCGA § 9-11-56 (c). "A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant." *Moore v. Camara*, 317 Ga. App. 651, 652 (732 SE2d 319) (2012) (citation omitted).

So viewed, the record shows that Bell was involved in an automobile collision with James Brown in Oakland, California. Bell knew Brown through his wife and communicated with Brown following the collision. Bell had a State Farm insurance policy that included uninsured motorist coverage.

Bell filed this action in Fulton County, naming John Doe, not Brown, as the defendant. She served State Farm with the complaint. She did not attempt to locate and serve Brown, either personally or by publication. The trial court granted State Farm's motion for summary judgment on the ground that Bell did not serve Brown with the complaint before the statute of limitation had run and therefore she could not meet the condition precedent of obtaining a judgment against him for pursuing uninsured motorist benefits against State Farm.

Bell then filed this appeal. She argues that Brown's whereabouts are unknown, so she properly filed her action against John Doe and she was not required to serve process on the tortfeasor before proceeding against State Farm. We disagree.

"An action may be instituted against a 'John Doe' defendant only when the owner or operator of the vehicle is unknown. OCGA § 33-7-11 (d). Where known, he or she must be named as a defendant, although service by publication is authorized if after due diligence such defendant cannot be found within the state. OCGA § 33-7-11 (e); see *Douglas v. Woon,* 205 Ga. App. 355 (422 SE2d 61) (1992)." *Kannady v. State Farm Mut. Automobile Ins. Co.*, 214 Ga. App. 492, 494-95 (4) (448 SE2d 374) (1994). Such is the case here. It is undisputed that Bell knows the identity of the person she alleges caused the collision, Brown, so she should have named him as a defendant and attempted to serve him with process.

Bell cites *Smith v. Phillips*, 172 Ga. App. 459 (323 SE2d 669) (1984), for the proposition that she was not required to name Brown as a defendant or serve him. That case, however, did not concern whether a plaintiff is required to name and serve the known tortfeasor, but instead concerned whether a judgment could be entered against an uninsured motorist carrier that was not a party.

In *Smith v. Phillips*, 172 Ga. App. at 459, the plaintiff filed a complaint for injuries arising from a motor vehicle collision, naming as the defendant the tortfeasor, a nonresident motorist. Id. The plaintiff unsuccessfully attempted to serve the tortfeasor under OCGA § 40-12-2, which provides the method for serving process on nonresidents, and ultimately served the tortfeasor by publication. Id. at 459-460. The plaintiff also served his uninsured motorist carrier, which chose to proceed indirectly in the proceedings by filing pleadings in the name of the tortfeasor rather than in its own name. Id. at 460. The jury returned a verdict in favor of the plaintiff and the court entered judgment against his uninsured motorist carrier. Id.

We reversed because the plaintiff had not satisfied the condition precedent of obtaining a judgment against the tortfeasor and because the uninsured motorist carrier was not a named party and therefore judgment could not be entered against it. Id. at 460-463 (1). We observed that the trial court could not exercise personal jurisdiction over the tortfeasor, who was a nonresident and only served by publication. Id. at 462. Nonetheless, we held that the trial court should have allowed the action to proceed against the tortfeasor so that the plaintiff could obtain at least a nominal judgment against him, a condition precedent to the entry of judgment against the uninsured motorist carrier. Id. at 463 (1).

4

We stated in this context the language upon which Bell relies: "under OCGA § 33-7-11 (e), a motorist or vehicle owner against whom a claim is pending, but who cannot be located, is treated as an uninsured motorist, since 'whereabouts unknown' is now equal to 'identity unknown' and 'identity unknown' is equal to 'uninsured motorist' under OCGA § 33-7-11 (d)[,]" the provision in the Uninsured Motorist Act, OCGA § 33-7-11, that concerns proceeding against the uninsured motorist carrier. Id. at 462-463 (1) (citation omitted).

Here, however, there was never "a claim pending" against Brown because Bell did not name him as a defendant or attempt to serve him. And now the statute of limitation has run, so Bell cannot obtain a judgment against him. So Bell cannot satisfy the condition precedent to the entry of judgment against her uninsured motorist carrier, and the trial court properly granted State Farm's motion for summary judgment.

*Judgment affirmed. Doyle, P. J., and Hodges, J., concur.*