**SECOND DIVISION**
**MARKLE,**
**LAND and DAVIS, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**February 26, 2025**

# In the Court of Appeals of Georgia

A24A1698. GLOVER et al v. MOORE et al.

LAND, Judge.

In this wrongful death action, Kadedra Glover, individually and as the administrator of the Estate of Carlton Jones, Christopher Glover, Kalonda Hughes and Carlos Glover (collectively, "Appellants") contend that Corey Dean Moore was negligent in the operation of a motor vehicle, causing his vehicle to strike Carlton Jones, a pedestrian. The trial court granted summary judgment in favor of Appellees Moore and JJD Pizza LLC d/b/a Marco's Pizza. On appeal, Appellants argue that issues of material fact preclude the award of summary judgment. For the reasons that follow, we affirm.

"To prevail at summary judgment, under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law." *Lau's Corp. v. Haskins*, 261 Ga. 491, 491 (405 SE2d 474) (1991).

> A defendant may do this by showing the court that the documents, affidavits, depositions, and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of plaintiff's case. If there is no evidence sufficient to create a genuine issue as to any essential element of plaintiff's claim, that claim tumbles like a house of cards. All of the other disputes of fact are rendered immaterial.

(Footnote omitted.) *McQuag v. Tarrant*, 269 Ga. App. 236, 237 (603 SE2d 751) (2004). On appeal from the grant of summary judgment, "we view the evidence and all reasonable conclusions and inferences drawn [therefrom], in the light most favorable to the nonmovant." (Citation and punctuation omitted.) *Purvis v. Steve*, 284 Ga. App. 116, 116 (643 SE2d 380) (2007).

So viewed, the record shows that at 8:30 p.m. on August 30, 2019, Moore, while working in his capacity as a delivery driver for JJD Pizza, was traveling southbound on

2

Georgia Highway 7 on a portion of the roadway where there are two lanes of traffic, one lane for each direction of travel. Moore testified that it was already dark outside and that he had his vehicle's headlights turned on. As Moore was driving, he saw a man, later identified as Carlton Jones, standing still near the middle of the northbound lane approximately one car length in front of his vehicle. There is no pedestrian crosswalk in this area. Because the man was standing still and did not appear to be trying to cross into the southbound lane, Moore returned his attention to the roadway and continued to drive. Within seconds, Moore saw a figure enter the southbound lane directly in front of the left hand side of Moore's vehicle. Although Moore slammed on his brakes, his vehicle did not have time to come to a stop, and it struck Jones. Moore testified that, prior to impact he did not see Jones make any movement or other indication that he would attempt to enter the southbound lane or otherwise leave his standing position in the northbound lane of Georgia Highway 7. The responding officer testified that although he could not tell where Jones's body hit the vehicle, his body came to rest on the far right-hand side of the roadway after impact. Jones died, at least in part, as a result of his injuries. Moore was not cited for any traffic violations or criminal charges stemming from the accident.

Moore testified at his deposition that he was familiar with that stretch of roadway because he traveled it frequently in his capacity as a delivery driver and that he had previously seen pedestrians crossing the roadway near there. He further explained that while making pizza deliveries, he sometimes referenced the directions provided by the Marco Pizza's app by looking at his cellphone that was mounted in a cradle on his dashboard. Moore testified that although he periodically glanced at the app to verify his delivery directions, he denied looking at his phone between the time he saw Jones in the northbound lane and the moment of impact.

Idell Wilcox was driving behind Moore's vehicle when the collision occurred. Wilcox testified that she had seen Jones walking along the adjacent sidewalk about three to four minutes before the collision and noticed that he was "walking just like he was in a daze or something." Wilcox testified that Jones was wearing "dark" clothing. She further explained that it was dusk at the time of the collision and that "it was still dim" outside despite the presence of a few streetlights. Wilcox explained that Jones "just stepped out in front of [Moore's] car. [Moore] could not stop. He was too close to him."

Corporal Samuel Reid was the Georgia State Patrolman dispatched to the scene of the collision. He arrived twenty minutes after the collision and interviewed Moore and Wilcox. Corporal Reid's accident report noted that "pedestrian in the roadway" and "crossing not at a crosswalk" were contributing factors.

Appellants sued appellees Moore and JJD Pizza for negligence, negligence per se, and respondeat superior arising from the collision. Appellees filed a motion for summary judgment, which the trial court granted in an order finding that Appellants had not proved that Moore was the proximate cause of the accident.

1. Appellants contend that the trial court erred by granting summary judgment to Moore and JJD Pizza, arguing that genuine issues of material fact remain regarding Moore's negligence. Specifically, Appellants argue that summary judgment was inappropriate because it was for the jury to decide whether Moore was negligent in failing to take precautions, such as slowing down or honking his horn, after seeing a pedestrian in the roadway that he should have known was prone to pedestrian foot-traffic. Appellants also argue that there is an issue of material fact as to whether Moore was looking at his cell phone prior to the collision.

In order to prove a cause of action for negligence, a plaintiff must show

> (1) a legal duty to conform to a standard of conduct raised by law for the protection of others against unreasonable risks of harm; (2) a breach of this standard; (3) a legally attributable causal connection between the conduct and the resulting injury; and (4) loss or damage to plaintiff's legally protected interest resulting from the breach.

(Footnote omitted.) *Ireland v. Williams*, 351 Ga. App. 124, 127 (1) (830 SE2d 538) (2019). "[T]he mere fact that an accident happened and the plaintiff may have sustained injuries or damages affords no basis for recovery against a particular defendant unless the plaintiff carries the burden of proof and shows that such accident and damages were caused by specific acts of negligence on the part of that defendant." (Punctuation and footnote omitted.) *McQuaig*, 269 Ga. App. at 237. Although questions of negligence are generally left to the jury, in cases where "the alleged negligent conduct is susceptible to only one inference, the question becomes a matter of law for the court to determine." (Punctuation and footnote omitted.) *Ireland*, 351 Ga. App. at 127 (1).

In *Moore v. Camara*, 317 Ga. App. 651 (732 SE2d 319) (2012), the plaintiff was walking along the shoulder of a highway at 10:00 p.m. when he was struck by the defendant's vehicle. The defendant was not speeding, he had his headlights on, there

6

was no unusual traffic in the area, and he did not see the plaintiff prior to the collision. The plaintiff told police that he had been trying to cross the highway when he was hit, and the officer concluded that the plaintiff had misjudged the clearance when deciding to step into the roadway. Id. at 652. This Court affirmed the grant of summary judgment to the driver, concluding that because the plaintiff had failed to point to specific evidence in the record showing that the driver had failed to exercise due diligence, "a jury would not be authorized to infer negligence because an inference cannot be based on evidence which is too uncertain or speculative or which raises merely a conjecture or possibility." (Citation and punctuation omitted.) Id. at 653. Similarly, in *Politzer v. Xiaoyan*, 342 Ga. App. 224 (801 SE2d 114) (2017), this Court held that summary judgment was warranted in favor of the driver when there was evidence that driver was driving the speed limit and obeying the rules of the road when plaintiff, dressed in black clothing, stepped into the roadway at night outside of an available crosswalk and the driver did not see her before impact. Id. at 227-228 (2).

Similarly, in this case, there was no evidence that Moore was driving in an unsafe manner. Undisputed testimony shows that Moore was driving the speed limit with his headlights turned on in the southbound lane of Georgia State Highway 7 when

7

he noticed Jones standing still near the middle of the opposite lane of travel approximately one car-length in front and to the left of his vehicle. There was no crosswalk. Seeing that Jones was standing still, Moore refocused his eyes on the roadway and continued to travel southbound. A few seconds later, Jones moved from his position in the northbound lane and entered the southbound lane directly in front of Moore's vehicle. Moore could not avoid hitting Jones when he suddenly stepped out in front of his car. Although Appellants argue that Moore should have honked his horn or slowed down when he saw Jones standing still in the adjacent roadway, there is no evidence that Jones indicated that he intended to enter the southbound lane at that moment. Thus, Appellants's "suggestion that [Moore] must have failed to exercise due diligence to avoid striking [Jones] is not supported by the evidence." *Politizer*, 342 Ga. App. at 227 (2). See also *Hunsucker v. Belford*, 304 Ga. App. 200, 202-203 (1) (695 SE2d 405) (2010) (summary judgment in favor of driver warranted when evidence showed that driver was driving within the speed limit on a familiar road at night and, after cresting a hill, could not avoid a black-clothed pedestrian stepping into his lane); *Purvis*, 284 Ga. App. at 117-119 (1) (plaintiff failed to make an affirmative showing that driver was negligently driving when he struck a deer that ran

8

out into roadway); *Johnson v. Ellis*, 179 Ga. App. 343, 344 (346 SE2d 119) (1986) (plaintiff pedestrian failed to show prima facie case of negligence required to survive motion for directed verdict when evidence showed that pedestrian was "walking and thus in a state of action to the side of, and not in front of, the moving automobile").[1]

Appellants also argue that the jury could have presumed that Moore had taken his eyes off the roadway to look at directions on the cell phone mounted in his car. However, Moore testified that he was not looking at his cell phone prior to the collision and there is no other evidence indicating that he did. The eyewitness to the accident testified that Moore was obeying the rules of the roadway and could not have

---

[1] The cases relied upon by Appellants are distinguishable from the facts here. In *Fountain v. Thompson*, 252 Ga. 256, 257 (312 SE2d 788) (1984), the injured pedestrian was clearly lying stationary in the middle of the roadway. Our Supreme Court held that summary judgment in favor of the driver was not warranted when defendant driver failed to see a pedestrian, who had an illegal blood alcohol concentration and was lying prone on "a straight, clear, unobstructed section of highway" because driver "could have seen the deceased well before hand and certainly in time to stop or evade him if he had been more observant." Similarly, in *Carter v. Ensley*, 222 Ga. App. 159, 160 (473 SE2d 265) (1996), plaintiff pedestrian presented evidence at summary judgment from which a jury could have found that even though defendant driver had a green light, he would not have hit plaintiff pedestrian at crosswalk had he not failed to operate his vehicle with due care by driving too fast for conditions. Here, in contrast, there was no evidence that Moore should have known that Jones intended to walk into oncoming traffic or that he was driving in a manner unsafe for the conditions of the road.

avoided impact with Jones. "Under such circumstances, [Appellants] presented no evidence that any *specific* negligent act or omission by [Moore] was the proximate cause of" the collision. (Punctuation omitted; emphasis in original.) *Ireland*, 351 Ga. App. at 128-129 (1). "Negligence is not to be presumed, but is a matter for affirmative proof. In the absence of proof of negligence, [this Court] must presume performance of duty and freedom from negligence." (Citation omitted.) *Purvis,* 284 Ga. App. at, 118 (1). "[A] jury would not be authorized to infer negligence because an inference cannot be based on evidence which is too uncertain or speculative or which raises merely a conjecture or possibility." (Punctuation and footnote omitted.) *Ireland,* 351 Ga. App. at 131-132 (1) (trial court correctly awarded summary judgment in favor of driver when driver was not violating any rules of the road during accident, the pedestrian was hit while crossing the road outside a crosswalk, and victim's expert could not determine whether driver saw pedestrian before striking her or any action the driver could have taken to avoid doing so). "A mere possibility of such causation is not enough." (Punctuation and footnote omitted.) *Ireland*, 351 Ga. App. at 129 (1).

2. Appellants argue that the trial court erred by granting summary judgment in favor of Moore on their claim for negligence per se for violating OCGA § 40-6-93. We find no error.

Under Georgia law, "a statute may establish a duty, and violating that statute may result in the breach of the duty, constituting negligence per se." (Citation and punctuation omitted.) *Nash v. Reed*, 349 Ga. App. 381, 385 (3) (825 SE2d 853) (2019). A statutory violation is negligence per se if (1) the injured person falls within the class of persons the statute was intended to protect and (2) the harm complained of was the harm the statute was intended to guard against. Id. Further, "[e]ven if negligence per se is shown, the plaintiff must still prove proximate cause and actual damage" in order to recover. (Citation and punctuation omitted.) Id. at 385 (3).

Appellants argue that Moore is liable for negligence per se because he violated OCGA § 40-6-93, which provides, in relevant part, that motorists "shall exercise due care to discover and avoid colliding with any pedestrian upon any roadway." However, as noted in Division 1, Appellants have presented no evidence that any specific negligent act or omission by Moore was the proximate cause of the collision resulting in Jones' death. *Ireland*, 351 Ga. App. at 128-129 (1). See also *Johnson v. Ellis*,

179 Ga. App. 343, 346 ("There is no evidence whatsoever that defendant [motorist] could have, or should have, seen [plaintiff pedestrian] walking into a collision path with her car. There is not even any evidence that [pedestrian] was actually on the roadway prior to his moving into the collision").

3. As a result of our holdings in Divisions 1 and 2, we need not address Appellants' remaining enumeration of error.

*Judgment affirmed. Markle, J., and Davis, J., concur.*