## A08A2181. STATE FARM v. NELSON et al.
(673 SE2d 588)

ANDREWS, Presiding Judge.

State Farm appeals following a jury trial in this wrongful death action filed after a car accident. The jury awarded plaintiffs $1,106,165.02 and found that one driver was ten percent negligent and the John Doe driver was ninety percent negligent. State Farm enumerates as error the trial court's denial of its motion for directed verdict and motion for judgment notwithstanding the verdict (j.n.o.v.). State Farm also claims that the trial court erred in giving two jury charges and in allowing testimony that the John Doe driver was Hispanic. After reviewing the record, we conclude there was no error and affirm.

This case arose after the truck that Matthew Muldoon was driving ran into the back of the car in which Cyrus Nelson was a passenger, killing Nelson. Nelson's parents and the administrator of his estate filed a complaint for wrongful death against Muldoon and later amended their complaint to add claims against a John Doe defendant who was driving the vehicle in front of Muldoon and who swerved to the side immediately before the crash.

The evidence at trial, construed with every inference and presumption in favor of upholding the verdict,[1] was that Nelson was riding in the back seat of a car driven by Sara Weichelsbaum. Weichelsbaum testified that she had stopped to turn left at an intersection and remained stopped because of oncoming traffic. As she glanced in her rear-view mirror, she saw a car that "zoomed" around her and then saw Muldoon's truck three or four car lengths behind her.

According to Muldoon, he was driving behind an SUV when the driver of the SUV, without slowing down or turning on his blinker, suddenly swerved off the road to the right and into a parking lot. Immediately in front of Muldoon was Weichelsbaum's stopped car waiting to turn left. Muldoon was unable to stop his truck before it hit Weichelsbaum's car. The John Doe vehicle did not stop nor did it return to the scene of the accident.

The investigating officer testified that the speed limit in that area was 50 miles per hour and speed was not a factor in the accident. James Terry, an eyewitness to the accident, said that he was traveling in the opposite direction from that of Weichelsbaum and Muldoon. He said that he saw Weichelsbaum's stopped car, the John Doe vehicle, which he described as a van, and also saw Muldoon's truck following the van. Terry said that because of the

---

[1] *Lee v. Thomason*, 277 Ga. App. 573, 573-574 (627 SE2d 168) (2006).

speed of the two vehicles approaching Weichelsbaum's car, he "pretty much knew something was going to happen." As Terry drove past the intersection, he turned around and saw the John Doe van "zoom" around Weichelsbaum's car, running off the road to the right, and then saw Muldoon's truck hit Weichelsbaum's car. Terry said that there was a line of cars behind the John Doe van and they were all traveling at approximately the same speed with the same amount of separation between them. Terry said that he did not believe there would have been time for anyone who had been following the John Doe vehicle to react before striking Weichelsbaum's car.

Terry's wife testified that she also saw the accident. She said that when she saw the vehicles coming toward the stopped car she told her husband "they're not going to be able to stop." Mrs. Terry turned to watch as the John Doe vehicle "flew around into the parking lot of a business." She said she did not see any brake lights on the John Doe vehicle. Mrs. Terry said she thought the John Doe vehicle was a van and that there was an Hispanic man driving it.

1. Now on appeal, State Farm argues that the trial court erred in denying its motion for directed verdict and motion for j.n.o.v.

> When reviewing a trial court's denial of a motion for j.n.o.v. or new trial, this Court determines if there is any evidence to support the jury's verdict. Where a jury returns a verdict and it has the approval of the trial judge, the same must be affirmed on appeal if there is any evidence to support it as the jurors are the sole and exclusive judges of the weight and credit given the evidence. The appellate court must construe the evidence with every inference and presumption in favor of upholding the verdict, and after judgment, the evidence must be construed to uphold the verdict even where the evidence is in conflict.

*Lee*, supra at 573-574.

State Farm contends that a nonstriking vehicle cannot be held liable for a motor accident under Georgia law. State Farm cites to no authority for this argument and we find none.

OCGA § 33-7-11, the uninsured motorist statute, provides that in order for an insured to recover damages as a result of the acts of an uninsured motorist, there must be actual physical contact between the vehicle operated by the unknown person and the person or property of the insured. Such physical contact is not required, however, "if the description by the claimant of how the occurrence occurred is corroborated by an eyewitness to the occurrence other

than the claimant." OCGA § 33-7-11 (b) (2). By requiring an eye-witness

> to the actual involvement of a John Doe driver and his phantom automobile . . . it was the legislature's intent to create a reasonable rule which would reduce the possibility of fraudulent claims where the phantom vehicle did not cause *actual physical contact*, while still allowing an inno-cent automobile victim, coverage for accidents caused by unknown motorists where the unknown motorist vehicle does not physically contact the insured's vehicle, but where the claimant's assertions of a phantom vehicle could be corroborated by an eyewitness.

*Painter v. Continental Ins. Co.*, 233 Ga. App. 436, 438 (504 SE2d 285) (1998). Here, there were numerous eyewitnesses who corroborated the existence of the John Doe vehicle and also testified that the vehicle was, at least to some degree, responsible for the accident. That is sufficient. Id. at 439.

Further, whether Muldoon could see Weichelsbaum's car in front of the John Doe vehicle, whether he maintained a safe distance behind the vehicle in light of the conditions, and whether he was paying attention to the road ahead were all matters for the jury to determine. Because there was some evidence, as set out above, from which the jury could conclude that the John Doe driver was 90 percent negligent in causing the accident, the trial court did not err in denying State Farm's motions for directed verdict, j.n.o.v., and new trial. See *Lee*, supra at 573.

2. Next, State Farm claims it was error to charge the jury on rear-end accidents. The complained-of jury charge was as follows: "[T]he mere fact that a vehicle is struck in the rear is not, standing alon[e], sufficient to fix liability on the drive[r] of the striking vehicle." "[A] requested charge should be given where it has been raised by the evidence, embraces a correct and complete principle of law, has not been substantially included in the general instructions given, and is specifically adjusted to the evidence." *Joiner v. Lane*, 235 Ga. App. 121, 122 (508 SE2d 203) (1998).

State Farm does not argue that the above elements were not satisfied, but rather claims that giving this charge is proper only when there is negligence alleged against the driver of the car that was struck. Again, State Farm cites to no authority on point in support of this argument, and we find none.

Muldoon claimed at trial that he was faced with a sudden situation where it was impossible for him to stop in time to avoid hitting Weichelsbaum's car. Accordingly, the evidence at trial autho-

rized the charge.

3. State Farm also claims that it was error to charge that John Doe had a duty to stop at the scene. State Farm does not cite to the record or the transcript, or otherwise specify which charge it claims was error. We assume it was the following:

> The driver of any vehicle involved in an accident resulting in injury to or the death of any person or in damage to a vehicle which is driven or attended by any person shall immediately stop such vehicle at the scene of the accident or shall stop as close thereto as possible and forthwith return to the scene of the accident.

State Farm argues that the charge was inapplicable because John Doe was not "involved" in the collision between Weichelsbaum and Muldoon and therefore the charge could only serve to confuse the jury. Again, State Farm cites to no authority in support of this enumeration. Because we have concluded previously that the jury was authorized to conclude that John Doe was "involved" in the accident, it was not error to give the above charge. See *Bellamy v. Edwards*, 181 Ga. App. 887, 889 (354 SE2d 434) (1987) (finding no authority for appellant's assertion that the duty to stop applies only to vehicles which "actually collide").

4. In its last enumeration, State Farm argues that the trial court erred in allowing one of the witnesses to characterize John Doe as "Hispanic." State Farm moved to exclude this evidence because it was not relevant and could be prejudicial in that the jury could stereotype John Doe as an illegal alien, an unlicensed driver, or an unsafe or negligent driver. Plaintiffs responded that the evidence was relevant because the identification and existence of John Doe was a material issue in the case.

As appellees point out, the evidence was relevant to the credibility and reliability of the witness in that it showed she was paying sufficient attention and was close enough to the vehicle to identify the driver. "In general, relevant evidence is not subject to an objection that it might inflame the minds of the jury or prejudice the jury. . . . The Georgia rule favors the admission of any relevant evidence, no matter how slight its probative value." *Livas v. State*, 255 Ga. 340, 343 (338 SE2d 266) (1986). Moreover, we will not assume that characterizing someone as possibly being Hispanic is prejudicial nor will we assume that the jurors acted from prejudice. Rather, "it is to be presumed *prima facie* that the jurors acted in good faith as to every issue." *Johns v. League, Duvall & Powell, Inc.*, 202 Ga. 868, 874 (45 SE2d 211) (1947).

*Judgment affirmed. Bernes and Doyle, JJ., concur.*

DECIDED FEBRUARY 12, 2009 

*Groth & Makarenko, Paul L. Groth, Laura D. Johnson,* for appellant.

*Fried, Rogers & Goldberg, Brian D. Rogers,* for appellees.