**FOURTH DIVISION**
**BARNES, P. J.,**
**ANDREWS and BOGGS, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

June 27, 2012

# In the Court of Appeals of Georgia

A12A0329. HAYES et al. v. CRAWFORD.

ANDREWS, Judge.

Plaintiffs Krystle Hayes and Kevin Henson brought this wrongful death action against defendants including Luther Sisson and Terry Crawford after a truck Sisson was driving crossed the center line and struck plaintiffs' father's vehicle, killing him. Sisson later pled guilty to charges arising from the accident including vehicular homicide in the second degree, following too closely, and failure to maintain lane. Plaintiffs obtained the trial court's permission to dismiss Sisson and his insurer from the case. This appeal arises from the trial court's grant of summary judgment to Crawford, who was driving a truck in front of Sisson and who stopped that truck successfully behind a car waiting to make a left turn off the highway on which all four vehicles were traveling at the time of the accident. In six related assertions of

error, plaintiffs argue that questions of fact remain as to whether Crawford was negligent and whether that negligence was a proximate cause of the accident. We agree and reverse.

On appeal from a grant of a motion for summary judgment, we review the evidence de novo to determine whether a genuine issue of fact remains and whether the moving party is entitled to judgment as a matter of law. *Rubin v. Cello Corp.*, 235 Ga. App. 250 (510 SE2d 541) (1998). As it determines whether a genuine issue of material fact remains, a court is bound to "view the evidence, and all reasonable inferences drawn therefrom, in the light most favorable to the nonmovant." *Cowart v. Widener*, 287 Ga. 622, 624 (1) (697 SE2d 779) (2010).

So viewed, the evidence showed that on the morning of December 29, 2008, Crawford was driving his bobtail tractor southbound on Highway 61 in Paulding County.[1] Approximately 100 feet directly behind Crawford was Sisson, who was driving his own bobtail tractor. Crawford knew that Sisson was following him because they had spoken on the C.B. radio to one another a few minutes earlier. Crawford and Sisson were proceeding down a section of Highway 61 that was hilly

---

[1] A "bobtail" tractor is one that does not have a trailer attached to it.

but straight. The morning was dry, sunny, and clear, with no visibility problems. Both men had traveled the highway before in their tractors.

The two drivers approached an intersection where the cross-street traffic was controlled by stop signs. Although they had to crest a hill before coming to the intersection, an eyewitness to the accident who had experience driving over the hill testified that the intersection could be seen by a driver proceeding southbound before cresting the hill – that is, from approximately 500 feet away. According to the same eyewitness, there were no obstructions that day which would have impeded a driver proceeding southbound from seeing a car stopped on the highway at the intersection waiting to turn onto the cross street. Additionally, the Georgia State Highway Patrol trooper who investigated the accident, who had investigated around 180 accidents before the present one, and who was familiar with the intersection testified that a driver cresting the hill who was traveling within the speed limit would have sufficient time and distance to make a safe stop if the driver realized that a vehicle was stopped at the intersection.

As Crawford and Sisson approached the intersection, a passenger car in front of them was stopped there with its left turn signal blinking, waiting to turn onto the cross street. After cresting the hill, Crawford suddenly slammed on his brakes to

3

avoid striking the stopped car. Crawford's brakes locked, smoke rose from his tires, and his tractor began to skid on the roadway. He ultimately was able to stop his tractor within three feet of the stopped car without striking it. To avoid colliding with Crawford, Sisson slammed on the brakes of his tractor. When Sisson's brakes locked up, his tractor began to skid, and he veered over the center line of Highway 61 into the northbound lane of traffic. Sisson then struck a flatbed wrecker driven by the plaintiffs' father, Jack Henson, causing him to sustain severe injuries that led to his death.

Crawford later testified that he had seen the car in front of him in the intersection with its left turn signal blinking before slamming on his brakes. According to Crawford, he had assumed that the car was moving and had failed to realize that the car had come to a complete stop because he did not see any brake lights. Crawford agreed that if he had not erroneously assumed that the car was moving, he could have brought his tractor to a "more gentle, controlled stop." Crawford also admitted that he saw the car in the intersection with its left turn signal blinking approximately 30 seconds before arriving with his tractor at the intersection, and from a distance of up to 300 feet from the intersection.

Crawford denied that he had been inattentive, denied talking on his cell phone or having any other distractions at the time the collision occurred, and claimed that he had started gradually applying his brakes in response to the car in the intersection before ultimately having to slam on his brakes to avoid a collision with the car. By contrast, Sisson testified that Crawford admitted at the scene that he had been on his cell phone talking to his brother at the time of the accident. Sisson further testified that Crawford suddenly slammed on his brakes without first gradually slowing down and that Sisson did not see any brake lights activated on Crawford's tractor before Crawford slammed on his brakes.

With all reasonable inferences drawn in plaintiffs' favor, this evidence was sufficient to create a genuine issue of material fact on the questions whether Crawford acted negligently and whether his negligence was a concurring proximate cause of the collision that resulted in Henson's death.

"All drivers using the highways are held to the exercise of due care." (Citation and punctuation omitted.) *Moore v. Pitt-DesMoines, Inc.*, 245 Ga. App. 676, 678 (538 SE2d 155) (2000). Every driver is "under a duty to keep a proper lookout for potential hazards. A driver has no right to assume that the road ahead of him is clear of traffic, and it is his duty to maintain a diligent outlook ahead." (Citations and punctuation

omitted.) *Brown v. Shiver*, 183 Ga. App. 207, 208 (1) (358 SE2d 862) (1987). Specifically, and as Crawford concedes in his brief on appeal, a driver "must exercise ordinary care not to stop, slow up, nor swerve from his course without adequate warning to following vehicles of his intention." (Citation and punctuation omitted.) *Moore*, 245 Ga. App. at 678; see also OCGA § 40-6-123 (c); *Gillem v. MARTA*, 160 Ga. App. 393, 394 (2) (287 SE2d 264) (1981); *Hay v. Carter*, 94 Ga. App. 382, 384 (94 SE2d 755) (1956).

> With respect to proximate cause, Georgia law is clear that
>
> [t]he proximate cause of an injury may be two separate and distinct acts of negligence acting concurrently[,] and the person injured may recover from either or both of the persons responsible. The mere fact that the plaintiff's injuries would not have been sustained had only one of the acts of negligence occurred will not of itself operate to limit the other act as constituting the proximate cause.

(Citation and punctuation omitted.) *Vann v. Finley*, 313 Ga. App. 153, 163 (2) (721 SE2d 156) (2011). Thus we have held that a jury could find that a motorist who came to a complete stop on a highway without warning was a proximate cause of the collision between the two vehicles following the motorist. *Harrison v. Jenkins*, 235 Ga. App. 665, 666-670 (1) (510 SE2d 345) (1998). We noted in *Harrison* that

6

because "[i]t is foreseeable that following drivers could become involved in an accident because of the unexpected need to stop and because the following drivers may be driving negligently," an improperly stopped motorist could be held liable for the accident between those drivers. Id. at 670 (1). See also *State Farm v. Nelson*, 296 Ga. App. 47, 48 (1) (673 SE2d 588) (2009) (rejecting argument that a "nonstriking vehicle" cannot be held liable for a motor vehicle accident under Georgia law); *Piller v. Hanger Cab Co.*, 115 Ga. App. 260, 264 (2) (154 SE2d 420) (1967) (motorist who suddenly slammed on his brakes without warning was "at least a concurring proximate cause" of plaintiff's injuries resulting from a subsequent collision).

When these tort principles regarding negligence and proximate cause are applied here, it is clear that Crawford was not entitled to summary judgment. As set out above, there was some evidence that Crawford had a sufficiently clear view of the car stopped in the intersection and that he had more than sufficient time (30 seconds) and distance (approximately 300-500 feet) to stop his tractor safely, had he been sufficiently attentive to the roadway in front of him. There was also some evidence that Crawford erroneously assumed that the car in the intersection was still moving, and, as a result, when he finally realized the car was stopped, slammed on his brakes suddenly, causing the tractor following him to swerve into the opposite lane of travel

and strike Henson's vehicle. A jury hearing this evidence could find that Crawford failed to keep a proper lookout as he proceeded down Highway 61, made an unnecessarily sudden stop without warning as he approached the cross street, and was a concurring proximate cause of the collision that killed Henson.

We note that this record would support a jury's determination that Sisson's negligence was the sole proximate cause of the accident. This was the conclusion reached by the investigating state trooper, for example, who did not cite Crawford for any violation of traffic laws. However,

> [q]uestions of negligence and diligence and of cause and proximate cause and whose negligence constituted the proximate cause of the plaintiff's injuries are, except in plain, palpable and indisputable cases, solely for the jury, and the courts will decline to decide such questions unless reasonable minds cannot differ as to the conclusions to be reached.

(Citations and punctuation omitted.) *Stern v. Wyatt*, 140 Ga. App. 704, 704-705 (1) (231 SE2d 519) (1976). Specifically, and even though Sisson pled guilty to following Crawford too closely, that plea established only a prima facie case of Sisson's negligence, rebutted here for purposes of Crawford's summary judgment motion by evidence of Crawford's own negligence. See *Butgereit v. Enviro-Tech Environmental*

8

*Svcs*., 262 Ga. App. 754, 755-756 (1) (586 SE2d 430) (2003) (reversing denial of plaintiffs' motion for directed verdict when defendant failed to rebut prima facie showing of negligence established by his guilty plea for following too closely); *Peacock v. Strickland*, 198 Ga. App. 406 (1) (401 SE2d 601) (1991) (Even when defendant's guilty plea for failing to yield established his negligence, "[t]he issue of liability was correctly submitted to the factfinder.").

Because reasonable minds could differ on the questions whether Crawford was negligent and whether his negligence was the proximate cause of the accident at issue, the trial court erred when it granted summary judgment in this case.

*Judgment reversed. Barnes, P. J., and Boggs, J., concur.*