**FOURTH DIVISION**
**DILLARD, P. J.,**
**RICKMAN, P. J. and BROWN, J.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**February 18, 2021**

# In the Court of Appeals of Georgia

A20A1831. THURMAN v. TCFPA FAMILY MEDICAL CENTERS, P. C. et al.

RICKMAN, Presiding Judge.

Following her fall from an examination table at TCFPA Family Medical Centers, P. C., Sarah Belle Thurman filed an ordinary negligence suit against TCFPA and TCFPA employee Lisa Chavalia (collectively "TCFPA"), seeking damages.[1] TCFPA filed a motion for summary judgment which the trial court granted in a summary order. On appeal, Thurman contends that the trial court erred by granting TCFPA's motion for summary judgment. For the following reasons, we affirm.

Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA §

---

[1] Thurman also filed suit against Tina Doe, but she subsequently dismissed her from the action.

9-11-56(c). A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.

(Citation and punctuation omitted.) *Hunsucker v. Belford*, 304 Ga. App. 200, 200 (695 SE2d 405) (2010).

So viewed, the record shows that Thurman, an 80-year-old woman, went to TCFPA both for a physical exam and because she was feeling sick. Thurman deposed that on the date of the incident, she had "been coughing and feeling bad for a couple of weeks, and . . . the day before [she] went to [TCFPA] [she] was really feeling bad." Thurman's adult daughter accompanied her into the examination room. After entering the examination room, Chavalia, a TCFPA employee (hereinafter "the employee"), directed Thurman to sit on the examination table.

Thurman deposed that she informed the employee that she was not "feeling good and [she] was feeling dizzy and [she] needed to see the doctor." When the employee left the room, Thurman's adult daughter deposed that she believed that she "was standing beside [Thurman]." Thurman's daughter further deposed that after the employee left the room, she turned to take her coat off and as she turned back around

2

she saw Thurman fall off the table. Thurman sustained injuries to her back, neck, and head during the fall.

Thurman filed suit against TCFPA and asserted a claim for ordinary negligence. TCFPA filed a motion to dismiss which the trial court denied. Subsequently, TCFPA filed a motion for partial summary judgment which it withdrew; TCFPA then filed a second motion for summary judgment. Following a hearing, the trial court granted TCFPA's motion.

To recover for ordinary negligence, Thurman must show:

(1) a legal duty to conform to a standard of conduct raised by law for the protection of others against unreasonable risks of harm; (2) a breach of this standard; (3) a legally attributable causal connection between the conduct and the resulting injury; and (4) loss or damage to plaintiff's legally protected interest resulting from the breach.

(Citation and punctuation omitted.) *Hunscucker*, 304 Ga. App. at 201 (1). "Although as a general proposition, issues of negligence are not susceptible of summary adjudication either for or against the claimant, where the facts show by plain, palpable and undisputed evidence that the defendant was not at fault, such a case may be resolved by summary judgment as a matter of law." *Papp Clinic, P. A. v. Cash*, 186 Ga. App. 444, 445 (367 SE2d 271) (1988).

Additionally, negligence is not to be presumed, but is "a matter for affirmative proof." (Citation and punctuation omitted.) *Kelly v. Fann*, 343 Ga. App. 351, 353 (807 SE2d 98) (2017). Indeed, without some affirmative proof of negligence, we must "presume performance of duty and freedom from negligence." (Citation and punctuation omitted.) Id. Importantly, the fact that an accident occurred and a plaintiff suffered injury "establishes no basis for recovery unless the plaintiff comes forward with evidence showing that the accident was caused by the defendant's negligence." (Citation and punctuation omitted.) Id. This is because "guesses or speculation which raise merely a conjecture or possibility are not sufficient to create even an inference of fact for consideration on summary judgment." (Citation and punctuation omitted.) *Hunsucker*, 304 Ga. App. 202 (1). Instead, a plaintiff must introduce evidence which "affords a reasonable basis for the conclusion that it is more likely than not that the conduct of the defendant was a cause in fact of the result." (Citation and punctuation omitted.) Id. at 202-203 (1). Simply put, "[a] mere possibility of such causation is not enough." (Citation and Punctuation omitted.) Id. at 203 (1).

Here, Thurman has not come forward with evidence showing that any specific act or omission on the part of the employee was the cause in fact of her fall and resulting injuries. The employee did not leave Thurman in the examination room

4

unattended, to the contrary, the employee left Thurman in the room with her adult daughter who was "standing by her" at the time.

The cases Thurman relies on are distinguishable. First, she relies on a case that is not binding authority, *Emory Healthcare, Inc. v. Pardue*, 328 Ga. App. 664 (760 SE2d 674) (2014) (physical precedent only) in which we found that there was evidence to support a ordinary negligence claim when "[the patient] was left *unattended* in a bathroom . . . notwithstanding medical records reflecting that she had a history of dementia, presence of delirium, *a history of falls in the previous three months*, cognitive impairment, and poor insight and judgment." Id. at 668 (1) (emphasis supplied). But here, Thurman mentioned only that she felt dizzy, she was never left unattended, and there is no evidence that she had significant mental impairments or a recent history of falling.

Thurman also relies on *Brown v. Tift County Hosp. Auth.*, 280 Ga. App. 847 (635 SE2d 184) (2006), in which we reversed the trial court's grant of summary judgment to the defendant hospital when the plaintiff, a patient, slipped and fell in the shower. Id. at 848. But, in *Brown*, this Court did not rule on the substance of the plaintiff's claims. Instead, we merely reversed to the extent that the trial court construed the complaint as asserting a professional negligence claim, that required

5

an expert affidavit. And we held the plaintiff should be able to pursue an ordinary

negligence claim without the requirement of filing an expert affidavit. Id. at 850-851.

Regardless, even if *Brown* could possibly be construed as holding that the evidence

was sufficient to survive summary judgment on the ordinary negligence claim, the

facts are distinguishable because the nurse left Brown unattended in the shower when

it was well-documented that Brown was a fall risk. Id. at 848.[2]

Accordingly, we find that the trial court properly granted summary judgment

to TCFPA on Thurman's ordinary negligence claim. See generally *Baja Properties*

*v. Mattera,* 345 Ga. App. 101, 105 (2) (812 SE2d 358) (2018) (reversing the trial

court's denial of a motion for summary judgment as to negligence claims when the

plaintiff failed to come forward with any evidence of a specific, negligent act on the

part of the relevant defendant that proximately caused his alleged injuries); *Shadburn*

*v. Whitlow*, 243 Ga. App. 555, 557 (533 SE2d 765) (2000) ("[T]he trial court . . .

---

[2] Thurman also cites *Byrom v. Douglas Hosp., Inc.*, 338 Ga. App. 768 (792 SE2d 404) (2016). In *Byrom* we did not decide whether the evidence was sufficient to survive summary judgment as to an ordinary negligence claim. Instead, we merely reversed the trial court's summary judgment order and remanded the case to the trial court because the court erroneously analyzed it as a professional negligence and a premises liability case, rather than an ordinary negligence case. Id. at 773 (2). Accordingly, *Byrom* is inapplicable to this appeal.

properly granted summary judgment to [the defendant] because there is no evidence that [the plaintiff's] injuries were caused by an act or omission of [the defendant].").

*Judgment affirmed. Dillard, P. J., and Brown, J., concur.*